**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

---

**BEARING BROKERS, INC.,**

      **Plaintiff,**

**v.**
                                   **CASE NO:_____**

**GADDIS, INC., and JOHN DOES 1-10,**

      **Defendants.**

---

## NOTICE OF REMOVAL

      Defendant Gaddis, Inc., through undersigned counsel, hereby removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this Notice of Removal, Gaddis states as follows:

**I.      THE STATE COURT ACTION**

      1.      On July 27, 2010, Plaintiff Bearing Brokers, Inc. filed a complaint styled *Bearing Brokers, Inc. v. Gaddis, Inc., and John Does 1-10.*, No. 10 CH 32230, in the Circuit Court of Cook County, Illinois. Copies of the summons and complaint served on Gaddis are attached as part of Exhibit A hereto.

      2.      The complaint alleges that defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by sending unsolicited facsimile advertising to plaintiff and members of a putative class. Plaintiff seeks statutory and actual damages, an injunction against further facsimile advertising, costs of suit, and other relief.

3.    This case properly is removed to this Court pursuant to 28 U.S.C. § 1441.  This is

a civil action arising under the laws of the United States over which this Court has original

jurisdiction, and all of the procedural requirements for removal have been satisfied.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441.

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because

this is a civil action arising under the laws of the United States.  Specifically, the Telephone

Consumer Protection Act is a federal statute over which this Court has original jurisdiction.  *See*

*Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005).

5.    Removal is appropriate regardless of the fact that plaintiff also asserts claims

under Illinois law.  *See* 28 U.S.C. § 1441(c).  This Court properly may determine all issues

alleged in the Complaint.  *See id.*

## III.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

6.    The complaint was served on Gaddis on August 3, 2010.  Therefore, this Notice

of Removal has been timely filed within 30 days.  28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

7.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other

papers filed in the state court action are attached hereto as Exhibit A.

8.    This Court embraces the locality in which the state court action is now pending,

and thus is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

9.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served

on plaintiff's counsel and a copy is being filed with the Clerk of the Circuit Court of Cook

County.

10.     A filing fee of $350 has been tendered to the Clerk of the United States District Court for the Northern District of Illinois.

WHEREFORE, Defendant Gaddis, Inc. respectfully removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1441 and 1446.  Should any question arise as to this removal, Gaddis respectfully requests an opportunity to provide briefing and argument as to why removal is proper.

Dated:  August 31, 2010                              Respectfully submitted,


                                        */s/ Eric S. Mattson*
                                        Eric S. Mattson (ARDC # 6225512)
                                        Alison V. Potter (ARDC # 6290490)
                                        Sidley Austin LLP
                                        One South Dearborn
                                        Chicago, IL 60603
                                        (312) 853-7000
                                        (312) 853-7036 (facsimile)
                                        emattson@sidley.com
                                        apotter@sidley.com
                                        *Attorneys for Defendant Gaddis, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 31, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and sent via U.S. Mail, postage prepaid, to:

Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
*Attorneys for Plaintiff*

*/s/ Eric S. Mattson*_____

# EXHIBIT A

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

2010 JUL 27 P 3: 40

BEARING BROKERS, INC.,    )
                  )    DOROTHY
      Plaintiff,     )    CLERK OF THE
                  )    CHANCERY
      v.           )
                  )    **1 0 C H 3 2 2 3 0**
GADDIS, INC.,        )
and JOHN DOES 1-10,    )
                  )
      Defendants.    )

## COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.      Plaintiff Bearing Brokers, Inc., brings this action to secure redress for the actions of defendant Gaddis, Inc., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

### PARTIES

3.      Plaintiff Bearing Brokers, Inc., is an Illinois corporation with offices at 1010 Commerce Drive, Lake Zurich, Illinois 60047, where it maintains telephone facsimile equipment.

4.      Defendant Gaddis, Inc., is a South Carolina corporation that has offices at

1

386 Spanish Wells Road, Hilton Head Island, South Carolina, 29925.

       5.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

**JURISDICTION AND VENUE**

       6.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

       a.     Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

       b.     Have transacted business in Illinois.

**FACTS**

       7.     On July 1, 2010, plaintiff Bearing Brokers, Inc., received the unsolicited fax advertisement attached as <u>Exhibit A</u> on its facsimile machine.

       8.     Discovery may reveal the transmission of additional faxes as well.

       9.     Defendant Gaddis, Inc., is responsible for the actions of the individuals who sent the faxes.

       10.     Defendant Gaddis, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

       11.     Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

       12.     On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

       13.     On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

       14.     There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

2

15.    Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

16.    Plaintiff incorporates ¶¶ 1-15.

17.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

18.    The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

19.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

20.    Plaintiff and each class member is entitled to statutory damages.

21.    Defendants violated the TCPA even if their actions were only negligent.

22.    Defendants should be enjoined from committing similar violations in the future.

3

## CLASS ALLEGATIONS

23.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Gaddis, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

24.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

25.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.     The manner in which defendants compiled or obtained their list of fax numbers;

c.     Whether defendants thereby violated the TCPA;

d.     Whether defendants thereby engaged in unfair  acts and practices, in violation of the ICFA.

e.     Whether defendants thereby converted the property of plaintiff.

26.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

27.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the

4

prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

28. Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

29. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a.     Actual damages;

      b.     Statutory damages;

      c.     An injunction against the further transmission of unsolicited fax advertising;

      d.     Costs of suit;

      e.     Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

30.     Plaintiff incorporates ¶¶ 1-15.

31.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

32.     Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

33.     Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

34.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

35.     Defendants engaged in such conduct in the course of trade and commerce.

36.     Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

37.     Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

38.     Defendants should be enjoined from committing similar violations in the future.

6

## CLASS ALLEGATIONS

39.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Gaddis, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

40.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

41.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

        a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

        b.     Whether defendants thereby violated the TCPA;

        c.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

        d.     Whether defendants thereby converted the property of plaintiff.

42.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

43.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

44.     Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.    Appropriate damages;

    b.    An injunction against the further transmission of unsolicited fax advertising;

    c.    Attorney's fees, litigation expenses and costs of suit;

    d.    Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

45. Plaintiff incorporates ¶¶ 1-15.

46. By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

47. Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

48. By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

49. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

50. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

51. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

52.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Gaddis, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

53.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

54.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

      b.     Whether defendants thereby violated the TCPA;

      c.     Whether defendants thereby committed the tort of conversion;

      d.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

      e.     Whether defendants thereby converted the property of plaintiff.

55.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

56.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

9

57.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.      Appropriate damages;

b.      An injunction against the further transmission of unsolicited fax advertising;

c.      Costs of suit;

d.      Such other or further relief as the Court deems just and proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\24740\Pleading\Complaint_Pleading.wpd

10

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


_____
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

11

# EXHIBIT A



# GADDIS MANUFACTURING

## CUSTOM MACHINING MECHANICAL CARBON PARTS



### GADDIS MANUFACTURING NOW SPECIALIZES IN CUSTOM CUT MECHANICAL CARBON PARTS.

Need a part cut to your specifications and need it in a hurry? Let Gaddis Manufacturing be your supplier for custom machined mechanical carbon parts. We make quality carbon parts with precision at reasonable prices.

### WE WORK WITH SAMPLES OR DETAIL DRAWINGS.

## CONTACT US FOR:

* QUICK TURNAROUND
* PROTOTYPES
* SMALL RUNS
* LARGE RUNS
  AVAILABLE UPON REQUEST



PHONE: **888-9GADDIS**
(888-942-3347)

FAX: **877-GADDIS9**
(877-423-3479)

EMAIL: **gaddismfg@gaddisinc.com**

Atty. No. 41106

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| BEARING BROKERS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GADDIS, INC., | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF FILING

**TO:**    Please see Certificate of Service.

**PLEASE TAKE NOTICE** that on July 27, 2010, I caused to be filed with the Clerk of the Court for the Circuit Court of Cook County, Chancery Division, the following document: **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**, a copy of which is attached hereto and hereby served upon you.

Heather A. Kolbus

Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Heather A. Kolbus, certify that I had a copy of the foregoing document sent on July 27, 2010, by hand delivery via process server, to:


Gaddis, Inc.
386 Spanish Wells Road
Hilton Head Island, SC  29925



_Heather Kolbus_
Heather A. Kolbus



Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| BEARING BROKERS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GADDIS, INC., | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, Bearing Brokers, Inc., respectfully requests pursuant to 735 ILCS 5/2-801 et seq., that this Court certify the following classes, as described in Plaintiff's Class Action Complaint:

> All persons and entities with fax numbers (1) who, on or after July 27, 2006, and on or before August 16, 2010, (2) were sent faxes by or on behalf of defendant Gaddis, Inc., promoting its goods or services for sale (3) and who were not provided an "opt out" notice as described in 47 U.S.C. §227. (*Count I*)

> All persons and entities with Illinois fax numbers (1) who, on or after July 27, 2007, and on or before August 16, 2010, (2) were sent faxes by or on behalf of defendant Gaddis, Inc., promoting its goods or services for sale (3) and who were not provided an "opt out" notice as described in 47 U.S.C. §227. (*Count II*)

> All persons and entities with Illinois fax numbers (1) who, on or after July 27, 2005, and on or before August 16, 2010, (2) were sent faxes by or on behalf of defendant Gaddis, Inc., promoting its goods or services for sale (3) and who were not provided an "opt out" notice as described in 47 U.S.C. §227. (*Count III*)

Several courts have certified class actions under the TCPA: *Sadowski v Med1Online, LLC.* 2008 U.S. Dist. LEXIS 12372 (N.D. Ill. May 27, 2008) *Hinman v. M & M Rental Ctr.,* 521 F. Supp.2d 739 (N.D. Ill. Apr. 7, 2008) (for litigation purposes); *Display South,*

1

*Inc. Express Computer Supply, Inc.*, 961 So.2d 451 (La. App. 2007); *Lampkin v. GGH, Inc.*, 146

P.3d 847 (Ok. App., 2006); *Rawson v. C.P. Partners d/b/a Comfort Inn-O'Hare*, 03 CH 15165

(Cook Co. Cir. Ct.); *Telecommunications Design Network v. McLeodUSA, Inc.*, 03 CH 8477

(Cook Co. Cir. Ct.); *CE Design v. Trade Show Network Marketing Group, Inc.*, No. 03 CH K

964 (Cir. Ct. Kane Co., Dec. 2, 2004); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03

CH14510 (Cook Co. Cir. Ct .); *Bogot v. Olympic Funding Chicago*, No. 03 CH 11887 (Cook Co.

Cir. Ct.); *Stonecrafters, Inc. v. Wholesale Life Ins. Brokerage, Inc.*, 03 CH 435 (McHenry Co.

Cir. Ct.); *Rawson v. Robin Levin d/b/a The Ridgewood Organization*, 03 CH 10844 (Cook Co.

Cir. Ct.) (for settlement purposes); *Kerschner v. Answer Illinois, Inc.*, 03 CH 21621 (Cook Co.

Cir. Ct.) (for settlement purposes); *Kerschner v. Murray and Trettel, Inc.*, 03 CH 21621 (Cook

Co. Cir. Ct.) ( for settlement purposes); *Prints of Peace, Inc., d/b/a Printers, Inc. v. Enovation

Graphic System, Inc.*, 03 CH 15167 (Cook Co. Cir. Ct.) ( for settlement purposes); *Law Office of

Martha J. White, P.C. v. Morrissey Agency Inc.*, 03 CH 13549 (Cook Co. Cir. Ct.) (for settlement

purposes); *Kerschner v. Fitness Image, Inc.*, 04 CH 00331 (Cook Co. Cir. Ct.) (for settlement

purposes); *INSPE Associates, Ltd.. v. Charter One Bank*, 03 CH 10965 (Cook Co. Cir. Ct.) (for

settlement purposes); *Bernstein v. New Century Mortgage Corp.*, 02 CH 06907 (Cook Co. Cir.

Ct.) (for settlement purposes); *Gans v Seventeen Motors, Inc.*, 01-L-478 (Madison Co. Cir. Ct.)

(for settlement purposes); *Telecommunications Network Design, Inc. v. Paradise Distributing,

Inc.*, 03 CH 8483 (Cir. Ct. Cook Co., Feb. 1, 2006); *Nicholson v. Hooters of Augusta, Inc.*, 245

Ga.App. 363, 537 S.E.2d 468 (2000); *ESI Ergonomic Solutions, LLC v. United Artists Theatre

Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792

N.E.2d 547 (Ind.App. 2003); *General Repair Services of Central Indiana, Inc. v. Soff-Cut*

*International, Inc.*, 49D03-0109-CP-1464 (Marion Co., Ind. Super. Ct., Feb. 22, 2002); *Gold*

*Seal v. PrimeTV*, No. 49C01-0112-CP-3010 (Marion County, Indiana, August 29, 2002); *Kenro,*

*Inc. v. APO Health, Inc.*, No. 49D12-0101-CP-000016 (Ind. Nov. 3, 2001) (same); *Biggerstaff v.*

*Ramada Inn and Coliseum*, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000); *Biggerstaff v. Marriott*

*International, Inc.*, 99-CP-10-001366 (C.P. S.C., Feb 20, 2000); *WPS, Inc. v. Lobel Financial,*

*Inc.*, No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); *Syrett v. Allstate Ins. Co.*, No. CP-02-

32-0751 (S.C.C.P. Aug. 12, 2003) (same); *Lipscomb v Wal-Mart Stores, Inc.*, No. 01-CP-20-263

(S.C.C.P. June 26, 2003) (same); *Battery, Inc. v. United Parcel Service, Inc.*, No. 01-CP-10-2862

July 26, 2002) (same); *Jemiola v. XYZ Corp.*, No. 411237 (C.P. Ohio, Dec. 21, 2001)(same);

*Salpietro v. Resort Exchange International*, No. GD00-9071 (Allegheny Co. C.P.)(same);

*Chaturvedi v. JTH Tax, Inc.*, No. CD-01-008851 (Pa. C.P. Oct 1, 2001) (same); *Dubsky v*

*Advanced Cellular Communications, Inc.*, No. 2004 WL 503757 (Ohio C.P. Feb. 24, 2004)

(same); *Inhance Corp. v. Discount Vacation Rentals*, No. LALA 004377 (Iowa Dist. Jan. 5,

2001) (same); *Inhance Corp. v. Special T Travel Services, Inc.*, No. LALA 004362 (Iowa Dist.

Dec. 8, 2000) (same). Several others were certified in a Louisiana federal court, against Kappa

Publishing Group, Monroe Systems, and Satellink Paging (The Advocate, Capital City Press,

Dec. 28, 2005, p. 1).

      Plaintiff will file a supporting Memorandum of Law in due course.

      WHEREFORE, Plaintiff respectfully requests that this Court enter an order

pursuant to 735 ILCS 5/2-801, certifying the classes set forth above.

Respectfully submitted,

Heather A. Kolbus

Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

4

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** | **(8/01/08) CCG N001** |

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
COUNTY DEPARTMENT, Chancery     **DIVISION**

No. **1 0 C H 3 2 2 3 0**

BEARING BROKERS, INC.

(Name all parties)

v.

GADDIS, INC., and JOHN DOES 1-10

Gaddis, Inc.
386 Spanish Wells Road
Hilton Head Island, SC 29925

## SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room **802** , Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106

Name: Edelman, Combs, Latturner & Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle Street, Suite 1800

City/State/Zip: Chicago, IL 60603

Telephone: (312) 739-4200

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____ JUL 27 2010 ,

DOROTHY BROWN

Clerk of Court

Date of Service: _____ ,
(To be inserted by officer on copy left with defendant or other person)

(312) 419-0379
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## AFFIDAVIT OF SERVICE

**State of ILLINOIS**                    **County of COOK**                    **Circuit Court**

Case Number: 10CH32230

Plaintiff:
**BEARING BROKERS, INC.**

vs.

Defendant:
**GADDIS, INC., and JOHN DOES 1-10**

For:
Edelman, Combs, Latturner & Goodwin, LLC
120 South Lasalle Street Ste 1800
Chicago, IL 60603

Received by Hilton Head Investigations, Inc. to be served on **Gaddis, Inc., 386 Spanish Wells Road, Hilton Head Island, Beaufort County, SC 29926.**

I, Bruce Alan Pitkin, being duly sworn, depose and say that on the **3rd day of August, 2010 at 4:55 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Summons, Complaint, Notice of Lien and Assignment, and Exhibit A, Notice of Filing, Certificate of Service, Plaintiff's Motion for Class Certification,** with the date and hour of service endorsed thereon by me, to: **Robert L. Gaddis as Registered Agent** at the address of: **386 Spanish Wells Road, Hilton Head Island, Beaufort County, SC 29926** on behalf of **Gaddis, Inc.,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 60, Sex: M, Race/Skin Color: White, Height: 6'0", Weight: 250, Hair: Grey, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Designated Process Server, in good standing, in the 14th Judicial Circuit in which the process was served.

Subscribed and Sworn to before me on the 4th day of August, 2010 by the affiant who is personally known to me.

Wanda Lynn Pitkin
NOTARY PUBLIC for SOUTH CAROLINA
My Commission Expires August 28, 2017

**Bruce Alan Pitkin**
Appointed in Accordance with S

**Hilton Head Investigations, Inc.**
1 Corpus Christie Place Ste#102
P.O. Box 5458 (29938)
Hilton Head Island, SC  29928
(843) 842-1234
Our Job Serial Number: 2010000249
Ref: ECLG File No: 24740

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.4a