# APPENDIX A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BEARING BROKERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 5500 |
| | ) | |
| v. | ) | |
| | ) | Judge Manning |
| GADDIS, INC., | ) | Magistrate Judge Cole |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement (the "Agreement") is entered into by and between Bearing Brokers, Inc., its present and former parents, subsidiaries, affiliates, officers, employees, and agents ("BBI" or "Plaintiff"), individually and on behalf of the Settlement Class (defined below), on the one hand, and Gaddis, Inc., its present and former parents, subsidiaries, affiliates, officers, employees, and agents ("Gaddis" or "Defendant"), on the other hand. BBI and Gaddis are sometimes collectively referred to below as the "Parties."

### RECITALS

WHEREAS, litigation between the Parties entitled <u>Bearing Brokers, Inc. v. Gaddis, Inc.</u>, No. 10 C 5500 (the "Action"), is pending in the United States District Court for the Northern District of Illinois (the "Court");

WHEREAS, BBI has alleged in the Action that Gaddis violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq., and Illinois common law (conversion) by sending unsolicited advertisements to telephone facsimile machines

without having an established business relationship or consent from the recipients and without providing an "opt out" notice as described in 47 U.S.C. § 227;

WHEREAS, the Settlement Class is comprised of all persons or entities with fax numbers, who, on or after December 31, 2007 through and including August 11, 2010, were sent faxes by Gaddis, Inc., promoting the commercial availability or quality of its property, goods or services or who were not provided with an "opt out" notice as described in 47 U.S.C. § 227;

WHEREAS, the Parties have agreed on a settlement which is in the best interests of all Parties, including the Settlement Class and all of its members;

WHEREAS, BBI and its counsel, Edelman, Combs, Latturner & Goodwin, LLC ("Settlement Class Counsel"), have conducted a full investigation into the facts and law relating to the Action and the Settlement Class;

WHEREAS, after considering the benefits that the Settlement Class will receive under the Agreement, the fact that Gaddis has indicated that if the Agreement is not approved it will continue to oppose the claims asserted in the Action, and the attendant risks, uncertainties and delays of litigation, BBI and Settlement Class Counsel have concluded that it is fair, equitable and in the best interests of the Settlement Class to resolve the Released Claims (as defined below in paragraph 11) upon the terms and conditions in this Agreement;

WHEREAS, after considering the additional expense, delay and business disruption which would result from the continuation of the Action, Gaddis has determined that it is appropriate to resolve the Released Claims upon the terms and conditions in this Agreement;

WHEREAS, this Agreement has been negotiated in good faith and at arm's length, and the Parties have agreed to resolve the Released Claims on the terms and conditions in this Agreement;

WHEREAS, the "Fax List" means: (a) all persons and entities identified in the transmission reports retained and produced in discovery by Gaddis (including documents Bates-numbered Gaddis 301-306); and (b) all persons and entities with facsimile numbers identified in lists maintained by Gaddis and produced in discovery (including documents Bates-numbered 307-314);

WHEREAS, it is understood and agreed that this Agreement does not constitute and shall not be deemed to be an admission that Gaddis has committed any of the acts alleged in the Action or violated any law, or that the Action could proceed as a class action on a contested basis,

NOW, THEREFORE, the Parties agree as follows:

<u>PROPOSED CLASS FOR SETTLEMENT PURPOSES</u>

1. <u>Class Certification</u>. For purposes of this Agreement only, the Parties stipulate to the conditional certification of a class (the "Settlement Class") under Federal Rule of Civil Procedure 23(a) and (b)(3). The Settlement Class consists of all persons and entities with fax numbers who, on or after December 31, 2007 through and including August 11, 2010, were sent faxes by Gaddis, Inc. promoting the commercial availability or quality of its property, goods or services or who were not provided with an "opt out" notice as described in 47 U.S.C. § 227 (the "Class Members"; the Class Members who do not opt out of this Agreement are referred to as "Settlement Class Members").

According to Defendant's records, there are approximately 10,000 unique fax numbers that were sent 53 unique faxes (Gaddis 248-300) promoting the commercial

availability or quality of Gaddis's property, goods or services ("faxes") on or after December 31, 2007 through and including August 11, 2010. Each of the 9,963 fax numbers received at least one but most likely more than one of the unique faxes. Defendant did not retain transmission records for all 53 faxes.

2.      Settlement Purposes Only. Gaddis agrees to certification of the Settlement Class only for the purpose of effectuating the Agreement. The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. If the Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or is reversed, vacated, or modified in any material respect by the Court or any other court, the certification of the Settlement Class shall be vacated, the Action shall proceed as though the Settlement Class had never been certified, and no reference to the Settlement Class shall be made for any purpose. The Parties agree that Gaddis retains the right to oppose class certification if the Agreement is vacated or not effectuated for any reason and shall not be prejudiced in any way by the certification for settlement purposes.

<u>BENEFITS TO THE SETTLEMENT CLASS</u>

3.      Settlement Fund. Gaddis shall cause the Underwriters to Lloyd's Syndicate 1200 to pay a total of $287,500 (the "Settlement Fund") to be distributed as set forth in paragraphs 9 and 10. Payment shall be made by check or wire transfer to Edelman, Combs, Latturner & Goodwin, LLC Client Trust Account within 14 days after the Court's entry of an order substantially in the form of Exhibit 4.

4.      Class Notice. The costs of providing notice to the Settlement Class shall be paid out of the Settlement Fund. The costs of administering the settlement shall also be paid out of the Settlement Fund. Plaintiff's Counsel shall advance notice and

4

administrative expenses up to $500. Plaintiff's Counsel will seek any additional amounts incurred over $500 from the Underwriters to Lloyd's Syndicate 1200. In any event, Plaintiff's Counsel will seek reimbursement of notice and administrative expenses that they incur or reasonably expect to incur from the Settlement Fund at Final Approval.

Settlement Class Counsel or the Administrator shall retain all documents and records generated during the administration of the settlement, including records of notice given to Settlement Class Members, confirmations of transmittals of such notices by facsimile, unconfirmed facsimile transmissions, records of undelivered mail, claim forms, and payment to Class Members for one year after the Effective Date (as defined in paragraph 18, below).

5.    <u>Attorneys' Fees and Expenses</u>.    Settlement Class Counsel will seek, subject to Court approval, a total amount of not more than 30 percent of the Settlement Fund in attorneys' fees and costs for all work performed and all expenses incurred in connection with the Action, including taking calls from Settlement Class Members, posting the Notice and Agreement on its website, and preparing documents in support of approval of the Agreement. Neither Gaddis nor the Underwriters to Lloyd's Syndicate 1200 will object to the payment of attorneys' fees and expenses and costs to Settlement Class Counsel for this amount. Settlement Class Counsel will also petition for reimbursement of reasonable costs of notice and administration of the settlement. Settlement Class Counsel shall not petition for more attorneys' fees and expenses than the amounts stated herein. Neither Gaddis nor the Underwriters to Lloyd's Syndicate 1200 shall under any circumstances be liable to pay any attorneys' fees or expenses incurred by Settlement Class Counsel or any other plaintiff's counsel beyond any portion

of the Settlement Fund that is approved by the Court for payment of attorneys' fees and expenses. No interest shall accrue with respect to attorneys' fees and expenses if paid in accordance with this Agreement.

DISTRIBUTION OF THE SETTLEMENT FUND

6.     <u>Claim Process</u>.   To receive money, a Settlement Class Member must complete and timely submit a claim form ("Claim Form," attached hereto as Exhibit 1) to Settlement Class Counsel or a Settlement Administrator ("Administrator") designated by Settlement Class Counsel.   A Claim Form will accompany the Class Notice.   If the Agreement is vacated or not effectuated for any reason, no Class Member will be entitled to any payment from the Settlement Fund or any other compensation pursuant to this Agreement.

If any Settlement Class Members are expected to recover more than $600, W-9 forms will need to be issued by Settlement Class Counsel or their Administrator. The W-9 forms will be issued after entry of the Order of Final Approval of the Class Settlement and before any Settlement Checks are issued.   Settlement Class Members will have 30 days to respond to a W-9 request.   If W-9 forms need to be collected, all remaining dates set forth in the Settlement Agreement will begin to toll after the deadline for returning W-9 forms.   Any funds remaining in the Settlement Fund as a result of any Settlement Class Member who does not submit a W-9 form shall become a *cy pres* award.

7.     <u>Rejection of Claims</u>.   A Claim Form shall be timely if the Administrator receives it within 75 days after the entry of the Order Granting Motion for Preliminary Approval of Settlement (the "Preliminary Approval Date").   Settlement Class Counsel or

the Administrator shall have 21 days after that date to reject any untimely or invalid claim. If Settlement Class Counsel or the Administrator determines that a claim is untimely or invalid, it will send the Claim Form to counsel for Gaddis. If Gaddis and Settlement Class Counsel disagree as to the validity of any claim, Settlement Class Counsel will bring the disputed claim before the Court.

8.      <u>Valid Claims</u>. Each Settlement Class Member who timely and properly submits a Claim Form, executed by a Settlement Class Member or his, her or its legal representative, will be deemed to have submitted a "Valid Claim" and will receive a payment determined as set forth in paragraph 9 below, unless the Claim is rejected pursuant to paragraph 7, or the Settlement Class Member fails to submit a W-9 form (if one is required).

9.      <u>Distribution of the Settlement Fund</u>. The Settlement Fund shall be distributed as follows:

(a)      Thirty percent of the Settlement Fund or any lesser amount approved by the Court will be paid to Settlement Class Counsel in attorneys' fees and costs, subject to Court approval. Settlement Class Counsel will also seek reimbursement of the costs of notice and administration from the Settlement Fund, subject to Court approval; any such amounts shall not be counted in the 30 percent figure described above.

(b)      In addition to its compensation as a class member, BBI will receive $4,500 from the Settlement Fund for its services as class representative, subject to Court approval.

(c)     The remainder of the Settlement Fund, after deducting attorneys' fees and costs and compensation to the class representative as described in paragraphs 9(a) and (b), will be paid to Settlement Class Members who submit Valid Claims.

(d)     Each Settlement Class Member will receive a pro rata share of the Settlement Fund remaining after the deductions described in paragraphs 9(a) and (b).  There will be no cap on each Settlement Class Member's recovery.

(e)     Settlement Class Counsel or the Administrator shall issue and mail checks to Settlement Class Members at the addresses identified on the Claim Form.  Only one settlement check will be issued for any single telephone number to which a fax was sent.  Settlement checks shall be made payable to all persons or entities who subscribed to the telephone number to which the fax was sent, as indicated on the Claim Form.   Settlement Class Members will have to submit W-9 forms in the event the settlement checks exceed $600.

(f)     All settlement checks shall be void 60 days after issuance and shall so state on the check.

(g)     Any amounts remaining in the Settlement Fund 90 days after payment of all Valid Claims, the incentive award described in paragraph 9(b), and Settlement Class Counsel's attorneys' fees and costs shall be paid in equal amounts as *cy pres*, with the approval of the Court, to one or more established, charitable organizations proposed by the Parties.  The Administrator or Settlement Class Counsel shall send any checks payable to the *cy pres* recipients directly to the charities with a letter approved by the Parties.

10.     <u>Payment of Claims and Attorneys' Fees</u>.  Settlement Class Counsel or the Administrator shall issue checks and cause them to be mailed to Settlement Class Members within 28 days after the Effective Date (as defined in paragraph 17, below). The attorneys' fees and expenses shall likewise be mailed or sent by wire transfer to Settlement Class Counsel within 14 days after the Effective Date.

<u>RELEASES</u>

11.     <u>Releases</u>.  Upon the date of payments described in Paragraph 10 of the Agreement, in consideration for the payments described in this Agreement, BBI and the Settlement Class Members, and to the extent the Settlement Class Member is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned's present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors, and assigns; and to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them (all of the foregoing persons being the "Releasing Parties"), whether or not they submit claims, will forever release Gaddis and its past and present attorneys, agents (as agents of Gaddis), employees, officers, directors, shareholders, affiliates, subsidiaries, divisions, predecessors-in-interest, insurers (as insurers of Gaddis), insurers' counsel, successors and assigns, and all persons, natural or corporate, in privity with any of them (the "Released Parties") from all known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, causes of action, damages, attorneys' fees and obligations of any kind which are based on, arise from or

9

relate in any way to Gaddis's facsimile transmission of advertisements to the Releasing Parties, regardless of whether the facsimiles are identical to, similar to, or different from the design of the advertising facsimile attached as an exhibit to the Complaint, and including all claims that were asserted or that could have been asserted in the Action (the "Released Claims").

Release of Unknown Claims. Without limiting the foregoing, the Released Claims extend to claims that the Releasing Parties do not know or suspect to exist in their favor at the time that the Agreement becomes effective, which, if known, might have affected their settlement with and release of the Released Parties, or might have affected their decision not to object to the Agreement. The Releasing Parties may later discover facts in addition to or different from those which they now believe to be true with respect to the subject matter of the Released Claims, but the Releasing Parties, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order Finally Approving the Settlement shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, which now exist or have ever existed, upon any theory whatsoever. The Releasing Parties shall be deemed by operation of the Final Judgment and Order Finally Approving the Settlement to have acknowledged that the foregoing waiver was separately bargained for and a key element of the Agreement of which this release is a part.

CLASS NOTICE

12.     Notice. Within 15 days of the Preliminary Approval Date, Settlement Class Counsel or the Administrator will send by facsimile or cause to be sent by facsimile to each number on the Fax List (as defined above) the Notice (attached hereto as Exhibit 2) and a Claim Form. If any Notice and Claim Form sent by facsimile fails to transmit to

a fax number on the Fax List, the Administrator will attempt to retransmit the Notice and Claim Form to that fax number no more than twice.

Settlement Class Counsel will post the Agreement and Notice, which may be non-materially modified or reformatted by agreement of the Parties, on its website. Gaddis will not bear any costs associated with this service.

SETTLEMENT APPROVAL PROCESS

13. <u>Preliminary Approval Order</u>. Plaintiff will petition the Court after execution of the Agreement for an order preliminarily approving the Agreement substantially in the form of Exhibit 3.

14. <u>Right to Opt Out</u>. Any Class Member may elect to be excluded from the settlement by opting out of the Settlement Class. The opt-out deadline shall be 75 days after the Preliminary Approval Date. Any person or entity who wishes to be excluded from the Settlement Class must send a written request for exclusion to Gaddis's counsel and Settlement Class Counsel; the request must be received by Gaddis's counsel and Settlement Class Counsel on or before the opt-out deadline. Any Class Member who opts out shall neither be bound by the Agreement nor entitled to any of the benefits of the Agreement. An opt-out notice must contain the following information: (a) the Class Member's name (or business name if the facsimile number was owned or controlled by a business), address, and telephone number; (b) the telephone number for the facsimile machine on which the Class Member was sent the fax; (c) the Class Member's signature or that of the Class Member's representative (such as a business's officer or manager); and (d) a statement to the effect that the Class Member does not want to participate in the settlement and waives all rights to any benefits of the settlement. A request to opt out that does not include all of the foregoing information, or that is sent to an address other

11

than those listed in the Class Notice, or that is not received on time shall be invalid, and the persons or entities serving such a request shall be members of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved.

15.     <u>Right to Object</u>.   Any Settlement Class Member may object to the Agreement and appear in person or through counsel, at his, her or its own expense, at the final approval hearing to present any evidence or argument that may be relevant as determined by the Court.  The deadline to object shall be 75 days after the Preliminary Approval Date.  No Settlement Class Member may be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member  may be considered by the Court unless, no later than the objection deadline, the Settlement Class Member files with the Court and mails to Settlement Class Counsel and Gaddis's counsel (at the addresses specified in the Notice) written objections that include: (a) the objector's name (or business name, if the objector is an entity), address and telephone number; (b) the telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; (c) a statement of the objection to the Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) documentation, if any, to support the objection.  Any Settlement Class Member who fails to object in this manner may be deemed to have waived his, her or its objections.

16.     <u>Order Finally Approving the Settlement</u>.  If the Agreement is preliminarily approved by the Court, the Parties shall jointly request that the Court enter an order finally approving the settlement substantially in the form of Exhibit 4.

17.     <u>Effective Date</u>.  The Settlement Agreement shall be deemed effective on the latest of:

     a.      Thirty-five days after entry of an Order dismissing the Action with prejudice, if no pleadings are filed within the time limitations imposed by the Federal Rules of Civil and Appellate Procedure seeking appeal, review or rehearing of the Final Approval Order; or

     b.      If such pleadings are filed, ten days after all appellate and other proceedings resulting from such pleadings (including the time for filing all petitions for rehearing and for appeal to the United States Supreme Court) have been finally terminated in such a manner as to permit the Final Approval Order to take effect.

Settlement Class Counsel or their Administrator shall begin to distribute the Settlement Fund in accordance with paragraphs 9 and 10 within 14 days of the Effective Date, and shall file an affidavit with the Court attesting to the distribution after *cy pres* payments have been sent or the settlement fund is exhausted.   Plaintiff shall present an order of dismissal with prejudice, except as to those class members who opted out of the settlement, 10 days after receipt of the settlement fund.

18.    <u>Gaddis's Option to Withdraw</u>.  Gaddis may withdraw from the Agreement and render this Agreement void if (i) Plaintiff or Settlement Class Counsel materially breach any provision of the Agreement or the Preliminary Approval Order, or fail to fulfill any obligation hereunder or thereunder; (ii) the number of valid and timely requests for exclusion equals or exceeds 50, or (iii) any authorized officer of the United States or any state, or any representative of any local, state, or federal agency or branch of government, intervenes in the Action or advises the Court in writing of opposition to

the terms of the Agreement, or sues Gaddis or initiates an enforcement action of any kind against Gaddis.

19.     Effect of Withdrawal or Non-Approval.  If this Agreement is terminated in accordance with paragraph 18, the Parties shall be deemed to be in the same position as existed before the execution of this Agreement.  Any order certifying a Settlement Class pursuant to the Agreement shall be vacated *nunc pro tunc* and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to the Parties' rights, including but not limited to Gaddis's right to oppose class certification.

MISCELLANEOUS PROVISIONS

20.     No Admission of Liability.  Gaddis enters into this Agreement to end all controversy and avoid the burden and expense of litigation, without in any way acknowledging fault or liability.  This Agreement may not be construed, in whole or in part, as an admission of fault or liability by Gaddis, or any of its agents or employees, in any manner or amount whatsoever, nor shall this Agreement or any part of it be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing of any kind by Gaddis or any of its agents or employees.

21.     Advice of Counsel.  The Parties have relied upon the advice of counsel and have read and understand this Agreement.

22.     Waiver of Construction Against Drafter.  The Parties acknowledge that this Agreement reflects the joint drafting efforts of the Parties and their respective counsel and that any ambiguity that may be found in the Agreement shall not be construed against either Party.

14

23.    <u>Benefit of this Agreement</u>.  This Agreement shall be binding upon and inure to the benefit of the Parties, the Settlement Class Members, and each of their successors, predecessors, affiliates, heirs, executors and assigns.

24.    <u>Entire Agreement</u>.  All prior understandings and agreements between the Parties with respect to the subject matter of this Agreement are merged into this Agreement, which expresses the entire agreement and understanding of the Parties.  This Agreement may be amended only by a written instrument executed by duly authorized officers or other representatives of the Parties expressly amending, modifying or changing this Agreement and may not be amended, modified or changed orally.

25.    <u>Counterparts</u>.  This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Signatures provided by fax or e-mail shall be deemed legal and binding for all purposes.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed and delivered by their authorized representatives.

BEARING BROKERS, INC., individually
and as representative of the Settlement
Class

By: _____

Title: _____VICE PRES._____

Date: _____7 - 15 - 11_____


APPROVED AS TO FORM:

_____

Daniel A. Edelman
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER &
     GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Settlement Class Counsel


GADDIS, INC.

By: _____

Title: _____PRESIDENT_____

Date: _____7 - 14 - 11_____


APPROVED AS TO FORM:

_____

Eric S. Mattson
Alison V. Potter
SIDLEY AUSTIN LLP
1 S. Dearborn Street

Chicago, IL 60603
(312) 853-7000
(312) 853-7036 (FAX)
Defendant's Counsel

_____

David Walker
Neil Holmen
Ryan Rodman
WALKER WILCOX MATOUSEK LLP
225 W. Washington Street, Suite 2400
Chicago, IL 60606
(312) 244-6700
(312) 244-6800 (FAX)
Counsel for Argo (No. 604) Ltd., one of the
Lloyd's Underwriters for Syndicate 1200

17

# EXHIBIT 1

# CLAIM FORM
## *BEARING BROKERS, INC.  v. GADDIS, INC.*
### (N.D. Ill. 10 C 5500)

**IMPORTANT:  THIS CLAIM FORM MUST BE FAXED OR POSTMARKED ON OR BEFORE _____, 2011 TO THE FOLLOWING:**

**SETTLEMENT ADMINISTRATOR
ADDRESS
CITY, STATE   ZIP CODE
(XXX) XXX-XXXX (FAX)**

Please print or type the following information:

NAME OF PERSON OR ENTITY THAT SUBSCRIBED TO THE FAX LINE:

_____

CURRENT MAILING ADDRESS OF SUBSCRIBER OF FAX LINE:

ADDRESS:          _____

CITY/STATE:       _____

ZIP CODE:         _____

FAX NUMBER:       _____

I certify that I or the entity on whose behalf I am signing owned a telephone facsimile machine and subscribed to the fax line identified above on or after December 31, 2007 through and including August 11, 2010.

_____
(YOUR SIGNATURE)

_____
(DATE)

**IT IS YOUR RESPONSIBILITY TO MAINTAIN A CURRENT ADDRESS WITH THE CLASS ADMINISTRATOR.  IF THE VALUE OF EACH VALID CLAIM EXCEEDS $600, YOU MAY BE ASKED TO SUBMIT A TAX FORM IN ORDER TO RECEIVE PAYMENT.**

# EXHIBIT 2

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**IF YOU RECEIVED UNSOLICITED FAXES
FROM GADDIS, INC., PLEASE READ THIS NOTICE CAREFULLY.
IF YOU WISH TO BE PAID BENEFITS UNDER THIS SETTLEMENT,
YOU HAVE TO SUBMIT A CLAIM FORM BY DATE, 2011.**

**To All Members of the Following Class:**

All persons or entities with fax numbers who, on or after December 31, 2007, through and including August 11, 2010, were sent faxes by Gaddis, Inc. promoting the commercial availability or quality of its property, goods or services or who were not provided with an "opt out" notice as described in 47 U.S.C. § 227.

**I.      WHY IS THIS NOTICE BEING SENT?**

This notice is being sent to let people know that they may be eligible to receive money under a proposed settlement of a class action lawsuit. The lawsuit is pending in federal court in Chicago. The hearing to approve the settlement will be held on ___ 2011 at ___ a.m. before Judge Manning, Courtroom 2125 of the U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604.

**II.     WHAT IS THE LAWSUIT ABOUT?**

Plaintiff Bearing Brokers, Inc. claimed that it received an unsolicited facsimile advertisement from Gaddis and that Gaddis's sending of this fax violated federal and state laws, including the federal Telephone Consumer Protection Act. Bearing Brokers sought to represent a class of persons to whom Gaddis sent unsolicited advertising facsimiles. Gaddis denies these allegations but has agreed to settle to avoid the costs and uncertainties of litigation. Gaddis will vigorously defend the lawsuit if the proposed settlement is not approved.

**III.    WHAT IS THE PROPOSED SETTLEMENT?**

The parties to the lawsuit have agreed to settle after extensive litigation and negotiations. Under the proposed settlement, Gaddis, through its insurer, has agreed to pay $287,500 into a Settlement Fund. The Settlement Fund will pay the fees of plaintiff's attorneys (no more than $86,250), plus costs of notice and administration, and an award to the plaintiff ($4,500, in addition to its recovery as a class member). After these amounts are deducted, each Class Member who submits a valid claim will receive a pro rata share of the remaining money. If you are a Class Member and you submit a valid claim, your share of the settlement fund depends on how many Class Members submit valid claims. According to defendant's records, there are 9,963 unique fax numbers that were sent at least one, but most likely, more than one of 53 unique faxes. Therefore, if 10% of the Class Members submit a valid claim, you may expect to recover approximately $192. If 20% of the Class Members submit a valid claim, you may expect to recover approximately $96.

**IV.     HOW DO I GET PAID?**

If you already submitted a claim form, you do not need to do anything else. If you have NOT submitted a claim form and you are part of the class described above, complete and submit the claim form to the **Settlement Administrator, ADDRESS, CITY, STATE ZIP CODE or (XXX) XXX-XXXX (FAX)**. Claim forms must be faxed or postmarked by DATE, 2011. If payment to Class Members exceeds $600, you will be asked to submit a W-9 form in order to receive your payment.

**V.      WHAT AM I GIVING UP?**

If the settlement becomes final, you will be releasing Gaddis from any claims relating in any way to its sending of unsolicited advertisements by fax. This release is more fully explained in paragraph 11 of the Settlement Agreement. The Settlement Agreement is available at the Clerk's Office, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604 during regular business hours, and on www.edcombs.com. You will need to reference case number 10 C 5500.

**VI.     EXCLUDING YOURSELF FROM THE SETTLEMENT.**

If you want to keep the right to sue Gaddis over the transmission of unsolicited advertising faxes, then you have to "opt out" of the settlement. To do that, you have to send a letter saying that you want to be excluded from the Bearing Brokers, Inc. v. Gaddis, Inc. class action settlement. Be sure to include your name, address and telephone number, the number for the facsimile machine on which you were sent the fax advertisements, and your signature by DATE, 2011. Send the letter to **the Settlement Administrator, Class Counsel and Defendant's Counsel at the addresses provided in paragraphs IV, VIII and VII respectively.** If you opt out, you will not receive any payment from the Settlement Fund, you cannot object to the Settlement and you will not be bound by anything that happens in this lawsuit.

**VII. OBJECTING TO THE SETTLEMENT.**

Either on your own or through an attorney you hire, you can tell the Court you don't agree with the settlement or some part of it. You must explain why you think the Court should not approve the settlement. To object, you must send a letter saying that you object to the settlement in <u>Bearing Brokers, Inc. v. Gaddis, Inc.</u>, 10 C 5500. Be sure to include your name, address and telephone number, the telephone number for the facsimile machine on which you were sent the fax advertisements, a statement of your objection, an explanation of the reasons you object to the settlement and documentation, if any, to support your objection by DATE, 2011. The Court will consider your views if you properly submit an objection on time.

Objecting is simply telling the Court that you don't like something about the settlement. You can object ONLY if you stay in the class. If you exclude yourself, you have no basis to object because the case no longer affects you. Any objections or appearances must be filed with the Court and reference 10 C 5500 and sent to **the Settlement Administrator, Defendant's Counsel and Class Counsel at the addresses provided in paragraphs IV and VIII respectively. Defendant's Counsel is** Eric Mattson, Sidley Austin LLP, 1 S. Dearborn St., Chicago, IL 60603.

**VIII. WHO REPRESENTS THE CLASS?**

The Court has appointed the following law firm to represent you and other members of the Settlement Class in this lawsuit:

**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC (24740)**
120 S. LaSalle St., 18th Floor
Chicago, IL 60603
(312) 917-4504      (312) 419-0379 (FAX)
<u>www.edcombs.com</u>

This firm represents your interests in this lawsuit. You may contact them with any questions about the lawsuit or the settlement.  You may also hire your own attorney at your own cost.

**IX. CAN I GET MORE INFORMATION?**

This notice is intended only as a summary of the lawsuit and proposed settlement.  It is not a complete statement of the lawsuit or the proposed settlement.  You may inspect the pleadings and other papers (including the proposed Settlement Agreement) that have been filed in 10 C 5500, at the office of the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604.  You may also review the Settlement Agreement by visiting www.edcombs.com. If you have questions about this notice or the proposed settlement, you may contact Settlement Class Counsel at the address and phone number listed above.  **DO NOT CONTACT THE COURT OR DEFENDANT FOR INFORMATION.**

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BEARING BROKERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 5500 |
| | ) | |
| v. | ) | |
| | ) | Judge Manning |
| GADDIS, INC., | ) | Magistrate Judge Cole |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR**
**<u>PRELIMINARY APPROVAL OF SETTLEMENT</u>**

The Motion of plaintiff Bearing Brokers, Inc. ("BBI" or "Plaintiff") for Preliminary Approval of Class Action Settlement and Notice to the Class with defendant Gaddis, Inc. ("Gaddis" or "Defendant") came on for hearing on _____, 2011.

Having considered Plaintiff's moving papers, the signed Settlement Agreement and Release (the "Agreement") attached as <u>Appendix A</u> to Plaintiff's Motion for Preliminary Approval, and all other evidence submitted concerning Plaintiff's motion, and being duly advised in the premises, the Court hereby finds that:

(a)    The settlement proposed in the Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b)    The Class Notice (as described in the Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Lawsuit.

(c)     With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d)     This Court finds that the Class Notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1.     The settlement proposed in the Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2.     The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> all persons and entities with fax numbers who, on or after December 31, 2007, through and including August 11, 2010, were sent faxes by Gaddis, Inc. promoting the commercial availability or quality of its property, goods or services or who were not provided with an "opt out" notice as described in 47 U.S.C. § 227.

3.     The Court preliminarily appoints Plaintiff Bearing Brokers, Inc. as representative of the Settlement Class and finds that it meets the requirements of Fed. R. Civ. P. 23.

4.     The Court preliminarily appoints the following lawyers as counsel to the Settlement Class and finds that counsel meet the requirements of Fed. R. Civ. P. 23:

Daniel A. Edelman and Heather A. Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, Illinois 60603.

5.     If (i) the Agreement is terminated pursuant to its terms; (ii) Defendant withdraws from the Settlement Agreement; (iii) the Agreement, the Preliminary Approval Order, and the Final Judgment and Order do not for any reason become effective; or (iv) the Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, (b) this case shall proceed as though the Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose.  If the settlement does not become final in accordance with the terms of the Agreement, then the Final Judgment and Order shall be void and shall be deemed vacated.  Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

6.     Settlement Class Counsel or the Administrator shall give notice of the settlement, its terms, the right to opt out, appear and the right to object to the settlement as set forth in the Agreement.  The Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23.  That plan is approved and adopted.

7.     The form of notice that Settlement Class Counsel or their agent will provide is attached as Exhibit 2 to the Agreement.  Within 15 days of the date of this

Order, Settlement Class Counsel or its agent will send the notice substantially in the form of Exhibit 2 and a claim form substantially in the form of Exhibit 1 by facsimile to each Class Member identified on the Fax List. Settlement Class Counsel will also publish Exhibit 2 and the Agreement on www.edcombs.com. This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the proposed settlement of this lawsuit. The Court finds that no other notice is necessary. The Administrator and/or Settlement Class Counsel shall provide the Notice and/or the Claim Form to Class Members who call to request it.

8. To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

(a) Claim Forms shall be returned by Class Members to Settlement Class Counsel or their agent by fax or mail postmarked on or before DATE, 2011. Claims not submitted by this date shall be barred.

(b) Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by fax or mail postmarked to Class Counsel and Defendant's counsel on or before DATE, 2011 or shall be forever barred. Each objection must contain the following information: (a) the objector's name (or business name, if the objector is an entity), address and telephone number; (b) the telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; (c) a statement

of the objection to the Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) documentation, if any, to support the objection.

(c)     All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on Plaintiff's Counsel and counsel for Defendant by fax or mail postmarked on or before DATE, 2011, or shall be forever barred.

(d)     Requests by any Class Member to opt out of the settlement must be faxed or mailed to Defendant's counsel and Settlement Class Counsel or their agent on or before DATE, 2011, or shall be forever barred.  A notice of intention to opt out must contain the following information:  (a) the Class Member's name, address, and telephone number; (b) the telephone number for the facsimile machine on which the Class Member was sent the fax; (c) the Class Member's signature or that of the Class Member's representative (such as a business's officer or manager); and (d) a statement to the effect that the Class Member does not want to participate in the settlement and waives all rights to any benefits of the settlement.

9.     Settlement Class Counsel or their Administrator shall file an affidavit regarding notice by DATE, 2011.

10.     Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than DATE, 2011.

11.     Settlement Class Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by DATE, 2011.

12.     The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on DATE, 2011 at TIME.

13.     All papers in support of or in opposition to the Agreement shall be filed DATE, 2011.  Any responses to objections shall be filed with the Court on or before DATE, 2011.  There shall be no replies from objectors.

14.     In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Agreement, then this Order shall be void and shall be deemed vacated.

15.     The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

Dated: _____          _____

                                                                          Judge

# EXHIBIT 4

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BEARING BROKERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 5500 |
| | ) | |
| v. | ) | |
| | ) | Judge Manning |
| GADDIS, INC., | ) | Magistrate Judge Cole |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER FINALLY APPROVING THE SETTLEMENT</u>

On DATE, 2011, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff, on its own behalf and on behalf of the Settlement Class (as defined below), and Defendant, as memorialized in the Settlement Agreement (the "Agreement").

On DATE, 2011, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections.  An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.  Having considered the Parties' Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1.      This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Lawsuit.

2.      The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3.    This Court grants final approval of the Agreement, including but not limited to the releases in the Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class.  Any objections which were filed, timely or otherwise, have been considered and are overruled.  Therefore, all members of the Settlement Class who have not opted out (*i.e.*, all members of the Settlement Class other than those listed on Exhibit B to this order) are bound by this Final Judgment and Order Finally Approving the Settlement and the Settlement Agreement.

### Class Certification

4.    The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with fax numbers who, on or after December 31, 2007, through and including August 11, 2010, were sent faxes by Gaddis, Inc. promoting the commercial availability or quality of its property, goods or services or who were not provided an "opt out" notice as described in 47 U.S.C. § 227.

5.    The Court finds that certification solely for purposes of settlement is appropriate in that (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6.    Bearing Brokers, Inc. is designated as representative of the Settlement Class.

7.    Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Settlement Class Counsel.

8.     The certification of the Settlement Class is non-precedential and without prejudice to Defendant's rights if the Settlement Agreement and this Final Judgment and Order Finally Approving the Settlement do not become effective as provided in the Settlement Agreement.

### Class Notice

9.     The Class Notice (as described in the Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action.  The Court has approved the forms of notice to the Settlement Class.

10.     With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  Notice was given by facsimile to each Settlement Class Member whose identity could be identified through reasonable effort.  Settlement Class Counsel also posted the Agreement and Notice on their firm's website, www.edcombs.com.  These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.   A total of _____ Class Members submitted valid and timely claim forms.

### Objections and Opt-Outs

11.     A total of _____ objections were filed by Class Members.  A list of the persons or entities that filed objections is attached as Exhibit A.  The Court has considered each of these objections carefully and has overruled them.  None of these objections raises valid concerns about the Settlement Agreement.

12.     A total of _____ persons or entities have validly requested exclusion from the Settlement Class.  A list of the persons or entities that have validly opted out of the settlement is attached as <u>Exhibit B</u>.

### Class Compensation

13.     In accordance with the terms of the Agreement, Defendant shall cause the Underwriters to Lloyd's Syndicate 1200 to pay the Settlement Amount set forth in paragraph 3 of the Agreement pursuant to the procedures set forth in paragraphs 9 and 10 of the Agreement.

### Releases

14.     Upon the payments described in paragraphs 9 and 10 of the Agreement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in paragraph 11 of the Agreement.

### Award of Attorneys' Fees, Costs, and Incentive Award

15.     The Court has considered Settlement Class Counsel's application for attorneys' fees.  The Court awards $_____, and finds this amount of fees is fair and reasonable. Settlement Class Counsel is also awarded reasonable costs incurred in providing notice to the Class and in administering the Settlement Fund in the amount of $_____.  These costs have been sufficiently supported.  These amounts shall be paid from the Settlement Fund.

16.     The Court grants Settlement Class Counsel's request for an incentive award to the class representative and awards $4,500 to Bearing Brokers, Inc.  The Court finds that this payment is justified by the class representative's service to the Settlement Class.  This payment shall be made from the Settlement Amount.

## Other Provisions

17.     The Parties to the Agreement shall carry out their respective obligations thereunder.

18.     Neither the Agreement, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Judgment and Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Agreement or except as may be required by law or court order.

19.     The Court directs the Defendant to cause Underwriters for Lloyd's Syndicate 1200 to deliver the Settlement Fund to Settlement Class Counsel within 14 days of the date this order is entered.  Within  10 days after receipt of the Settlement Fund, Plaintiff shall present an order dismissing the lawsuit with prejudice and without costs.

20.     The Court orders Settlement Class Counsel to hold the Settlement Fund in the firm's escrow account until the Effective Date of the Settlement Agreement and then deliver the Settlement Fund to the Administrator, less attorney's fees and costs approved by the Court, within three business days of the Effective Date.  If the order of Final Approval is withdrawn or vacated by this Court or reversed on appeal, Settlement Class Counsel shall return the Settlement Fund to Underwriters to Lloyd's Syndicate 1200 within three business days.

21.     The parties designate the following as *cy pres* recipients: _____ and
_. Settlement Class Counsel or their Administrator shall provide and distribute checks payable to these charities.

22.     Settlement Class Counsel or their Administrator shall file an affidavit of final accounting of the settlement by DATE, 2011.

Dated: _____                    _____
                                               Judge