# APPENDIX A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEARING BROKERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 5500 |
| | ) | |
| v. | ) | |
| | ) | Judge Manning |
| GADDIS, INC., | ) | Magistrate Judge Cole |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER FINALLY APPROVING THE SETTLEMENT**

On September 14, 2011, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff, on its own behalf and on behalf of the Settlement Class (as defined below), and Defendant, as memorialized in the Settlement Agreement (the "Agreement").

On February 14, 2012, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. Having considered the Parties' Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Lawsuit.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Agreement, including but not limited to the releases in the Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. No objections were filed. Therefore, all members of the Settlement Class who have not opted out (*i.e.*, Pal-Con, Ltd. and Agis, LLC; *Dkt. Nos. 96-97*) are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

## Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with fax numbers who, on or after December 31, 2007, through and including August 11, 2010, were sent faxes by Gaddis, Inc. promoting the commercial availability or quality of its property, goods or services or who were not provided an "opt out" notice as described in 47 U.S.C. § 227.

5. The Court finds that certification solely for purposes of settlement is appropriate in that (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Bearing Brokers, Inc. is designated as representative of the Settlement Class.

7. Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Settlement Class Counsel.

8.      The certification of the Settlement Class is non-precedential and without prejudice to Defendant's rights if the Settlement Agreement and this Order Finally Approving the Settlement do not become effective as provided in the Settlement Agreement.

## Class Notice

9.      The Class Notice (as described in the Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action.  The Court has approved the forms of notice to the Settlement Class.

10.     With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  Notice was given by facsimile to each Settlement Class Member whose identity could be identified through reasonable effort.  Settlement Class Counsel also posted the Agreement and Notice on their firm's website, www.edcombs.com.  These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.  A total of 380 valid and timely claim forms were submitted from 365 unique addresses

## Objections and Opt-Outs

11.      No objections were filed by Class Members.

12.     A total of 2 entities have validly requested exclusion from the Settlement Class. The entities that have validly opted out of the settlement are:  Pal-Con, Ltd. and Agis, LLC.

3

**Class Compensation**

13. In accordance with the terms of the Agreement, Defendant shall cause the Underwriters to Lloyd's Syndicate 1200 to pay the Settlement Amount set forth in paragraph 3 of the Agreement pursuant to the procedures set forth in paragraphs 9 and 10 of the Agreement.

**Releases**

14. Upon the payments described in paragraphs 9 and 10 of the Agreement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in paragraph 11 of the Agreement.

**Award of Attorneys' Fees, Costs, and Incentive Award**

15. The Court has considered Settlement Class Counsel's application for attorneys' fees. The Court awards $86,250, and finds this amount of fees is fair and reasonable. Settlement Class Counsel is also awarded reasonable costs incurred in providing notice to the Class and in administering the Settlement Fund These costs have been sufficiently supported. These amounts shall be paid from the Settlement Fund.

16. The Court grants Settlement Class Counsel's request for an incentive award to the class representative and awards $4,500 to Bearing Brokers, Inc. The Court finds that this payment is justified by the class representative's service to the Settlement Class. This payment shall be made from the Settlement Amount.

**Other Provisions**

17. The Parties to the Agreement shall carry out their respective obligations thereunder.

18. Neither the Agreement, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement

Agreement, the Preliminary Approval Order or the Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Agreement or except as may be required by law or court order.

19. The Court directs the Defendant to cause Underwriters for Lloyd's Syndicate 1200 to deliver the Settlement Fund to Settlement Class Counsel within 14 days of the date this order is entered. Within 10 days after receipt of the Settlement Fund, Plaintiff shall present an order dismissing the lawsuit with prejudice and without costs.

20. The Court orders Settlement Class Counsel to hold the Settlement Fund in the firm's escrow account until the Effective Date of the Settlement Agreement and then deliver the Settlement Fund to the Administrator, less attorney's fees and costs approved by the Court, within three business days of the Effective Date. If the order of Final Approval is withdrawn or vacated by this Court or reversed on appeal, Settlement Class Counsel shall return the Settlement Fund to Underwriters to Lloyd's Syndicate 1200 within three business days.

21. The parties designate the following as *cy pres* recipients: Domestic Violence Legal Clinic and Chicago Volunteer Legal Services. Settlement Class Counsel or their Administrator shall provide and distribute checks payable to these charities.

22. Settlement Class Counsel or their Administrator shall file an affidavit of final accounting of the settlement by August 13, 2012.

23. Strategic Claims Services at 600 N. Jackson St., Suite 3, Media, PA 19063 will be the Class Administrator.

5

24. Settlement Counsel shall send out W-9 forms to certain Settlement Class Members within 14 days of entry of this Order.

Dated: _____ _____
Judge

6